[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  18-12415
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00110-JES-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIJAH HART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 16, 2020)

Before JILL PRYOR, GRANT and HULL, Circuit Judges:

PER CURIAM:

Elijah Hart appeals his conviction for accessing with intent to view child

pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(1).  On appeal, he

argues that the district court erred in denying his motion to suppress evidence

discovered pursuant to a nationwide warrant issued out of the Eastern District of Virginia, which authorized agents to use a network investigative technique ("NIT") to track down patrons of a child-pornography website. According to Hart, the search was unreasonable because the magistrate judge in the Eastern District of Virginia who issued the NIT warrant lacked the authority to authorize the use of NIT software on users located outside of that district. *See* 28 U.S.C. § 636(a); Fed. R. Crim. P. 41(b). The government moved for summary affirmance in this case, arguing that our recent decision in *United States v. Taylor* 935 F.3d 1279 (11th Cir. 2019), *cert. denied*, 2020 WL 1124516 (Mar. 9, 2020) (19-7581), forecloses Hart's challenge. We agree with the government.

Summary disposition is appropriate where (1) time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," (2) "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," or (3) "the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We recently considered another defendant's challenge to evidence secured pursuant to the same NIT warrant. *See Taylor*, 935 F.3d at 1281. In *Taylor*, we

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

agreed with the defendant that the NIT warrant was void *ab initio* because the magistrate judge lacked the authority to issue a warrant authorizing the use of NIT software on users located outside of that district. *Id.* Because the warrant was void *ab initio*, we held that the government's subsequent search that purported to rely on it therefore was warrantless and thus presumptively unreasonable under the Fourth Amendment. *Id.* We then determined that the evidence obtained pursuant to the NIT warrant did not need to be suppressed because the FBI agents who obtained the search warrant had acted in good faith and without any intent to deceive the magistrate judge. *Id.* at 1292-93.

Summary affirmance is appropriate here because in light of *Taylor* the government's position is clearly correct as a matter of law.[2] Although the search was presumptively unreasonable under the Fourth Amendment, *Taylor* establishes that the good-faith exception to the warrant requirement applies. *See id.* at 1292-93. We acknowledge that in his brief Hart has raised an argument that the good-faith exception should not apply based on a particular piece of evidence that we did not discuss in *Taylor*—a 2009 Department of Justice manual instructing agents that they needed to obtain multiple warrants if they believed a network search would retrieve data stored in multiple locations. Our prior precedent rule nonetheless

---

[2] Hart filed his appellant's brief in this case before we decided *Taylor*. After we decided *Taylor*, the government moved for a summary affirmance. Hart filed no opposition to the government's motion.

dictates that we are bound to follow *Taylor* and conclude that the agents acted in good faith. *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) ("[T]here is no exception to the rule where the prior panel failed to consider arguments raised before a later panel.").

Given our binding decision in *Taylor*, we conclude that there is no substantial question about the outcome of the case. We thus GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. In addition, we DENY the government's motion to stay the briefing schedule as moot.